UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SANDRA DONOHOO, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-148 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| CITY OF GATLINBURG, TENNESSEE, ) | |
| and GEORGE HAWKINS, individually, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned on the Plaintiff's Motion to Strike Witness Testimony and for Sanctions Fed. R. Civ. P. 37(c) [Doc. 39], filed on February 11, 2013, and referred [Doc. 41] on February 12, 2013. See 28 U.S.C. § 636(c). A hearing was held before the undersigned on February 28, 2013. Attorney George T. Underwood, Jr., appeared on behalf of the Plaintiff. Attorney Nathan Rowell appeared on behalf of Defendant City of Gatlinburg, Tennessee, and Attorney Daniel Rader, III, appeared on behalf of Defendant George Hawkins.

The Plaintiff's motion requests that the Court prohibit any testimony from witness Gregory Winstead and for the payment of attorney fees in the amount of $1,032.50, plus time necessary to appear for oral argument.[1] His motion states that counsel for all parties agreed to take the depositions of Jon Elder, Chuck Cable, and John Scott on February 7, 2013. Unbeknownst to Attorney Underwood, Mr. Cable was not present for his deposition. Attorney Underwood only learned of Mr. Cable's absence when Attorney Rowell began questioning Mr. Winstead. The motion states that Mr. Winstead had never been identified before and that

---
[1] Attorney Underwood filed an affidavit [Doc. 39-4] explaining his attorney fees associated with filing the current motion before the Court.

Attorney Underwood cancelled Mr. Winstead's deposition. In addition to striking Mr. Winstead as a witness and requesting attorney fees, the Plaintiff's motion asks that this Court enter "an order admonishing counsel for Defendant Hawkins that any future 'dirty tricks' and ambush attempt[s] will constitute willful contempt of the orders of this Court and be punished accordingly." [Doc. 39 at 2]. At the hearing, Attorney Underwood requested that the Defendants also pay for the transcript of the deposition.

Defendant Hawkins responds [Doc. 42] that the Plaintiff's motion has no merit and is inappropriate.

At the hearing, Attorney Rader admitted that he knew the day before the depositions, on February 6, 2013, that Mr. Cable would not be present for the deposition, but he failed to notify Attorney Underwood. Attorney Rader conceded that Attorney Underwood was first made aware of Mr. Cable's absence when Attorney Rowell began deposing Mr. Winstead. Both attorneys Rader and Rowell acknowledged that Defendant Hawkins unilaterally decided to have Mr. Winstead appear for the deposition, but that this fact and information was not brought to Mr. Underwood's attention until after Mr. Winstead's deposition had begun. Attorneys Rader and Rowell, however, contend they too were unaware that Mr. Winstead would be at the deposition until that morning, that they were only advised he knew two pieces of information, that they began the depositions in haste, and failed to tell Mr. Underwood of Mr. Winstead's presence, and finally when Mr. Winstead was called in to be deposed, it was a mistake because they thought he was Mr. Scott. Attorney Rader maintains, however, that the matter was resolved without judicial intervention by virtue of cancelling Mr. Winstead's deposition at Mr. Underwood's request. Finally, Attorney Rader states that there is no testimony to strike because Mr. Winstead was not deposed.

2

Federal Rule Civil Procedure 37(c) states the following:

> (1) **Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure.

Although Attorney Rader's actions in not promptly notifying Mr. Underwood of the absence of witness Cable nor advising of the unscheduled appearance of Mr. Winstead were improper and inappropriate, they do not rise to the level of imposing Rule 37 sanctions or other punishment. Attorney Underwood suffered no loss from Attorney Rader's actions and the matter could have been resolved without judicial intervention. Accordingly, the Court finds the Motion to Strike Witness Testimony and for Sanctions Fed. R. Civ. P. 37(c) [**Doc. 39**] is **DENIED**. However, because Attorney Underwood was not given proper notice as to the attendance and absence of deposition witnesses, and because Defendants acknowledge they are not relying on any testimony by Cable or Winstead in support of their motions for summary judgment, the Court **DIRECTS** the Defendants' counsel to disclose to Attorney Underwood if they intend on using Mr. Cable or Mr. Winstead as witnesses at trial. If the Defendants intend on using testimony from Mr. Cable or Mr. Winstead, the Defendants are to disclose all discoverable information that each of those witnesses may have to Attorney Underwood. In addition, if Defendants plan to use either witness, Attorney Underwood shall have thirty (30) days from the time the Defendants disclose discoverable information to depose him and the attorneys shall cooperate in such manner as to make their calendars and schedule available for such deposition. Any costs

3

associated with the appearance of the witnesses at such depositions should be borne by the Defendants. If the witness fails to appear or is unavailable for a deposition, the witness will not be permitted to testify at trial.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge